

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| S.H., | ) | |
| Appellant, | ) | |
| v. | ) | WD79045 |
| | ) | |
| JAMES R. CANNON, | ) | |
| Respondent. | ) | FILED: September 20, 2016 |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE DANIEL R. GREEN, JUDGE

### BEFORE VICTOR C. HOWARD, PRESIDING JUDGE, LISA WHITE HARDWICK AND EDWARD R. ARDINI, JR., JUDGES

S.H. appeals from the judgment in favor of James Cannon on her action to recover damages caused by childhood sexual abuse. S.H. contends the circuit court erroneously applied the law in denying her claim because Cannon's guilty plea to statutory rape and statutory sodomy conclusively established that he caused her harm and that she was entitled to damages. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

In 1995, when S.H. was 10 years old, her mother married Cannon. Thereafter, Cannon lived in the same household with S.H., her mother, and her

siblings. In 2001, Cannon pled guilty to charges of statutory rape, under Section 566.032,[1] and statutory sodomy, under Section 566.062.

In 2011, S.H. filed an action against Cannon for damages for childhood sexual abuse under Section 537.046. In her petition, S.H. alleged that Cannon began grooming her for sex in 1996, when she was 11 years old. She averred that he began raping and sodomizing her when she was 12 years old and continued to repeatedly do so until she was over the age of 13 but under the age of 14. S.H. further alleged that Cannon was arrested in 1999 and then pled guilty to charges of raping and sodomizing her in 2001, for which he was sentenced to seven years in prison.

S.H. further alleged that, as a direct and proximate result of Cannon's childhood sexual abuse of her, she suffered from, and continues to suffer from, injury or illness in the form of shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. Additionally, S.H. asserted that she was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has lost earnings and earning capacity; and/or has incurred and may continue to incur expenses for medical and psychological treatment, therapy, and counseling. S.H. requested compensatory and punitive damages.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

In his response, Cannon admitted only that he was married to S.H.'s mother, lived in the same household with S.H., pled guilty to charges under Sections 566.032 and 566.062, and was sentenced to seven years in prison. He denied that he groomed S.H. for sex, that he was caught repeatedly raping and sodomizing her, and that the criminal charges were for "raping" and "sodomizing" her. Cannon also denied all of S.H.'s allegations concerning the injuries or illnesses that his alleged actions caused her.

S.H. waived her right to a jury trial. The case proceeded to a bench trial in December 2013. S.H. offered the testimony of her sister and her own testimony. S.H.'s sister testified that, for a couple of years in the 1990s, Cannon used to make her leave the room and take her siblings with her so that he could be alone with S.H. S.H.'s sister testified that, while the abuse was going on and for a couple of years afterwards, she noticed changes in S.H.'s behavior. Specifically, she said that S.H. became disobedient, smoked cigarettes, and gained weight, and she noticed a change in S.H.'s self-esteem. Cannon did not cross-examine S.H.'s sister.

S.H., now 28 years old, testified that Cannon forced her to engage in acts of vaginal, anal, and oral intercourse with him when she was between the ages of 11 and 13 years old. She testified that, while the abuse was going on, she "just shut down" emotionally and that, as a result of the abuse, she underwent counseling for six months to a year. S.H. stated that the sexual abuse put a lot of stress on her and caused her to have low self-esteem, no motivation, nightmares, and trouble in

3

relationships. She testified that she is presently married and considering having children, works at Wal-Mart, has a degree from a technical college, and is going to college online to obtain another degree. S.H. asked the court to award her $5 million in compensatory damages and $500,000 in punitive damages.

Cannon cross-examined S.H. about the counseling she obtained and the frequency of her nightmares. She said that she started counseling six months after Cannon was arrested. As for her nightmares, S.H. testified that she had one "a couple of months" before the trial in this case. Before that, the last time she had a nightmare was about a year ago. Cannon did not offer any evidence. In closing arguments, Cannon first contested his liability, asserting that the statutes to which he pled guilty to violating – Sections 566.032 and 566.062 – were not among the statutory sections listed in Section 537.046 upon which a cause of action for childhood sexual abuse could be based. Cannon then argued that S.H. failed to present sufficient evidence to support an award of compensatory damages for physical injury or psychological injury or punitive damages.

The court subsequently entered its judgment stating that, after considering the evidence and exhibits offered at trial and the credibility of all of the witnesses, it found in favor of Cannon. S.H. appeals.

### STANDARD OF REVIEW

In this bench-tried case, we will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536

4

S.W.2d 30, 32 (Mo. banc 1976).  We review legal issues *de novo*, without any deference to the circuit court's conclusions.  *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012).

Our review of factual issues depends upon whether the evidence was contested or uncontested.  *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010).  In *White*, the Court explained when evidence is "uncontested" and how we are to review such evidence:

> Evidence is uncontested in a court-tried civil case when the issue before the trial court involves only stipulated facts and does not involve resolution by the trial court of contested testimony; in that circumstance, the only question before the appellate court is whether the trial court drew the proper legal conclusions from the facts stipulated. . . . Evidence also is uncontested when a party "has admitted in its pleadings, by counsel, or through the [party's] individual testimony the basic facts of [other party's] case."

*Id*. (footnotes and internal citations omitted).  Thus, where the parties have stipulated to the facts or where one party has admitted the other party's facts in pleadings, testimony, or through counsel, the case involves only legal issues, and we do not defer to the circuit court's conclusions drawn upon stipulated or admitted facts.  *Id*.

"Contested" evidence, on the other hand, is evidence that is "disputed in any manner."  *Pearson*, 367 S.W.3d at 44.  As the Court noted in *Pearson*, "[A] party can contest the evidence in many ways, such as by putting forth contrary evidence, cross-examining a witness, challenging the credibility of a witness, pointing out inconsistencies in evidence, or arguing the meaning of the evidence."

5

*Id.* Once the evidence is contested, the circuit court is then "free to disbelieve any, all, or none of that evidence." *White*, 321 S.W.3d at 308. We defer to the circuit court's resolution of contested factual issues "'because it is in a better position not only to judge the credibility of the witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record.'" *Id.* (citation omitted).

## ANALYSIS

In her sole point on appeal, S.H. contends the circuit court erroneously applied the law in denying her claim because Cannon's guilty plea to statutory rape and statutory sodomy charges conclusively established that he caused her harm and that she was entitled to damages under Section 537.046.

Section 537.046 provides that a plaintiff may recover damages from injury or illness caused by childhood sexual abuse. The statute defines "childhood sexual abuse" as:

> [A]ny act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of eighteen years and which act would have been a violation of section 566.030, 566.040, 566.050, 566.060, 566.070, 566.080, 566.090, 566.100, 566.110, or 566.120, or section 568.020.

§ 537.046.1(1).[2] The statutes that provide a basis for a cause of action for childhood sexual abuse if the act alleged would have violated them are first-degree

---

[2] Sections 566.050, 566.080, 566.110, and 566.120 were repealed in 1994. In 2013, Section 566.040 was transferred to Section 566.031, Section 566.070 was transferred to Section 566.061, and Section 566.090 was transferred to Section 566.101.

6

rape, second-degree rape, first-degree sodomy, second-degree sodomy, first-degree sexual abuse, second-degree sexual abuse, and incest. *Id.*

Cannon admitted in his answer that he pled guilty to charges under Sections 566.032 (statutory rape) and 566.062 (statutory sodomy). Neither statute is listed in Section 537.046.1(1) as providing a basis for a cause of action for childhood sexual abuse if the act alleged would have violated them. Nevertheless, S.H. argues that Cannon's admission that he pled guilty to charges under the statutory rape and statutory sodomy statutes constituted an admission that he committed the acts alleged in those charges. She asserts that the acts supporting the charges would be violations of all of the statutes listed in Section 537.046.1(1); thus, she contends that Cannon admitted that he committed childhood sexual abuse against her. We disagree.

In his answer, Cannon admitted only that he pled guilty to charges under Sections 566.032 and 566.062. He denied S.H.'s allegations that he was "caught repeatedly raping and sodomizing" her, and he denied S.H.'s "generalization that said criminal charges were for 'raping' and 'sodomizing'" her. In closing argument, Cannon did not concede that his guilty plea was an admission to acts that would have constituted a violation of the statutes listed in Section 537.046.1(1), and he argued that S.H. failed to establish that element of her case. Thus, whether Cannon committed acts that would have constituted a violation of the statutes listed in Section 537.046.1(1) was a contested issue.

7

On this contested issue, S.H. testified that Cannon forced her to engage in acts of vaginal, anal, and oral intercourse with him when she was between the ages of 11 and 13 years old. While S.H.'s testimony would have been sufficient to support a finding that Cannon committed acts that would have constituted a violation of the statutes listed in Section 537.046.1(1), the circuit court was not required to accept her testimony. The court apparently did not accept her testimony, as it stated in its judgment that it considered the "credibility of all witnesses" in denying S.H.'s claim. We must defer to the court's credibility determinations and the weight it accords the evidence. *White*, 321 S.W.3d at 308. We cannot rule contrary to the circuit court on this contested factual issue. *See id*.

Furthermore, Cannon contested the factual issue of S.H.'s injuries and resulting damages. To be entitled to damages under Section 537.046, S.H. had to prove not only that she suffered childhood sexual abuse, but also that the abuse caused her either a physical injury or illness or a psychological injury or illness. § 537.046.1(2). On this issue, S.H. offered her own testimony and her sister's testimony. Cannon contested S.H.'s claims of injury by denying, in his answer, all of her allegations concerning the injuries that his alleged actions caused her; by cross-examining her about her injuries; and by arguing in closing argument that the evidence of injuries was insufficient to support an award of damages. Again, the circuit court was not required to accept S.H.'s evidence as to her injuries and resulting damages, and the judgment clearly indicates that the court did not accept

8

it.  We are bound to defer to the circuit court's decision on this contested factual issue.  *White*, 321 S.W.3d at 308.  S.H.'s point on appeal is denied.

## CONCLUSION

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

9